# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re: | |
| **KENNETH L. LUTH and**<br>**TERRI L. LUTH,** | Bankruptcy Case<br>No. 11-41144- JDP |
| **Debtors.** | |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

    D. Blair Clark, Boise, Idaho, Attorney for Debtors.

    Joseph M. Meier, COSHO HUMPHREY, LLP, Boise, Idaho, Attorney for Creditor Citizens Business Bank.

    Forrest P. Hymas, Hailey, Idaho, Chapter 12 Trustee.

### *Introduction*

On December 20, 2011, after an evidentiary hearing, this Court orally announced its decision to grant a Motion for Relief from Stay filed

MEMORANDUM OF DECISION - 1

by creditor Citizens Business Bank ("Citizens"), Dkt. No. 28. On January 9, 2012, before a formal order could be entered implementing the Court's decision, Debtors Kenneth and Terri Luth ("Debtors") filed a Motion for Relief from Order and to Make Additional and/or Amended Findings of Fact and Conclusions of Law (the "Motion to Amend"). Dkt. No. 62. The Court conducted a hearing on the Motion to Amend on February 13, 2012, and took the issues under advisement.

The Motion to Amend disputes, again, whether Citizens was receiving payments directly under a sales agreement with the purchasers of certain property owned by Debtors in California (the "Greenfield Contract"), and requests the Court to modify its findings, conclusions, and decision to the extent the Court determined such direct payments had been made. After a careful review of the transcript of the evidentiary hearing, and consideration of the Court's oral findings and conclusions, the Court declines to grant any relief to Debtors on the Motion to Amend.

In finding and concluding that Citizens has an enforceable secured

MEMORANDUM OF DECISION - 2

interest in the payments from the Greenfield Contract, the Court relied upon the "totality of the evidence" in general, and upon Mr. Luth's undisputed execution of a detailed written pledge agreement, and the possession of the Greenfield note by Citizens, in particular, as persuasive evidence of the existence of a contractual security interest in favor of Citizens. H'rg. Tr. (Dec. 20, 2011) at 68:5-19. Indeed, in making its decision, the Court noted that whether Citizens was receiving direct payments on the contract was not "at all critical to the Court's underlying holding here." *Id.* at 69:22-23. In other words, the Court would have granted Citizens' motion without regard to whether note payments had, or had not, been made directly by Greenfield to Citizens.

Accordingly, Debtors' Motion to Amend, Docket No. 62, will be denied. Counsel for Citizens is directed to submit an order denying Debtors' motion for entry by the Court at the same time as it submits the order granting its stay relief motion.

MEMORANDUM OF DECISION - 3

Dated:  February 27, 2012

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 4